UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GELU TOPA,

       Plaintiff,

v.                                 Case No: 2:18-cv-475-FtM-38MRM

ALMONTE KERBS, UNKNOWN
FEMALE and UNKNOWN
UNDERCOVER OFFICERS,

       Defendants.
_____/

### OPINION AND ORDER[1]

Before the Court is Defendants Almonte Kerbs, Unknown Female, and Unknown Undercover Officers' Motion to Dismiss (Doc. 10) and Plaintiff Gelu Topa's Response (Doc. 13). For the following reasons, Defendants' motion to dismiss is granted.

### BACKGROUND

This is a *pro se* civil rights case. (Doc. 1). Topa alleges that the Defendants violated his constitutional rights under 42 U.S.C. § 1983. (Doc. 1 at 3). The Complaint identifies the Defendants as Almonte Kerbs a "D/S Policeman," a female officer described as a "part time actress, play a prostitute," and undercover officers who were "equipped

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

with audio and video recording." (Doc. 1 at 2-3).  As best the Court can tell, these are the facts.

Topa was driving fast in rush hour traffic when a police officer stopped him. (Doc. 1 at 4). The officer then yanked Topa from his car, banged his head against the car roof, handcuffed him, and threw him in the back of a police vehicle. (Doc. 1 at 4). The officer drove Topa's car to a nearby parking lot while another police officer followed with Topa. (Doc. 1 at 4). At the parking lot, the officers placed Topa back into his car, took his photo, and then took him to jail. (Doc. 1 at 4).

As a result, Topa sued the Defendants for entrapment, false arrest, and "expose to media (TV.)" under § 1983. (Doc. 1 at 3). Defendants now move to dismiss the Complaint for failure to state a claim. (Doc. 10). Defendants also contend that Topa has not perfected service. (Doc. 10). In response, Topa provided additional facts. (Doc. 13).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must give "the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A *pro se* plaintiff's pleadings are held to a "less stringent standard," and courts must construe them liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998). But *pro se* litigants must still comply with procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

## DISCUSSION

### A. Failure to State a Claim

Defendants argue that the Complaint fails to state § 1983 claims for entrapment, false arrest, and "expose to media (TV.)." (Doc. 10). In response, Topa provided additional facts, but no legal argument. (Doc. 13).

Section 1983 allows an individual to seek money damages from a defendant who violates the individual's constitutional rights under color of state law. 42 U.S.C. § 1983. But § 1983 does not itself create substantive rights, and a plaintiff may only maintain an action under § 1983 if the defendants deprived him of a right secured by the Constitution or federal law. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979). So to state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 108 S. Ct. 2250, 2254–55 (U.S. 1988).

Against that backdrop, the Court turns to Defendants' arguments. Defendants argue that the Complaint fails to state a claim for entrapment. (Doc. 10). The Court agrees. Entrapment is only mentioned once in the Complaint as a federal constitutional or statutory right that was violated. (Doc. 1 at 3). It is never mentioned again. There are no facts describing an entrapment. There is no way of knowing which Defendants participated in the entrapment. There is simply a claim titled entrapment. In sum, the Complaint does not give fair notice to the Defendants of the basis of the claim.

But even if it did, entrapment by itself is not sufficient to support § 1983 liability. Entrapment is an affirmative defense available to criminal defendants, but it "is not of a constitutional dimension." *U.S. v. Russell*, 411 U.S. 423, 433 (1973); *see also U.S. v.*

*Isnadin*, 742 F.3d 1278, 1297 (11th Cir. 2014) (discussing entrapment as an affirmative defense). And it therefore cannot support a cognizable claim under § 1983. *See Stokes v. Gann*, 498 F.3d 483, 484–85 (5th Cir. 2007) (finding a state law claim for entrapment alone is not a constitutional violation); *Kramer v. Village of N. Fond du Lac*, 384 F.3d 856, 865 (7th Cir. 2004) (holding that entrapment alone is not a cause of action under § 1983, but acknowledging that entrapment may "constitute a form of government conduct that could violate due process."); *see also Jackson v. Capraun*, 6:09-CV-1737, 2011 WL 4344589, at *4 (M.D. Fla. Sept. 15, 2011), *aff'd,* 534 Fed. App'x. 854 (11th Cir. 2013). That does not mean that allegations related to an entrapment have no bearing on this case. But it does mean that entrapment by itself is not sufficient to support a § 1983 claim. A violation of the Constitution or federal law is still needed. The entrapment claim is thus dismissed without prejudice.

Next, Defendants argue that the Complaint fails to state a false arrest claim. (Doc. 10 at 4). To state a claim for false arrest under § 1983, a plaintiff must show that he was arrested without probable cause or a warrant. *See Andrews v. Scott*, 729 Fed. App'x. 804, 808 (11th Cir. 2018); *Marx v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990) ("A warrantless arrest without probable cause violates the Constitution and forms the basis for a [§] 1983 claim."). Here, the facts are insufficient to state a plausible claim for false arrest under § 1983. The Complaint does not indicate that Topa was arrested without probable cause. The Complaint does not identify which Defendants were present at the arrest, much less their individual involvement in the arrest. It instead refers to an unidentified "cop" and an indeterminate "they," which may refer to any of the Defendants. (Doc. 1 at 3). At bottom, more facts are needed to state a claim for false arrest. Accordingly, the Court will dismiss the false arrest claim without prejudice.

Finally, Defendants argue that there is no § 1983 claim for "expose to media (TV.)." The Court's own independent research bears this point out. Thus, the claim for "expose to media (TV.)" is dismissed without prejudice. Nonetheless, the Court will not foreclose Topa from clarifying his claim by identifying a constitutional right or federal law that was violated and alleging supporting facts in an amended pleading.

One last point bears mentioning. In response to Defendants' motion to dismiss, Topa provided a factual narrative that may be related to his claims. (Doc. 13). But the Court is barred from evaluating these facts because it must limit its sufficiency review to the four corners of the Complaint and its attachments. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court's review on a motion to dismiss is limited to the four corners of the complaint." (citation omitted)). That said, Topa may assert these facts in his amended pleading if he so chooses.

### B. Insufficient Service of Process

Defendants contend that Topa failed to properly serve them. (Doc. 10 at 2). Federal Rule of Civil Procedure 4(m) requires that a defendant be served within ninety days after the complaint is filed. Rule 4(c)(2) states that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Defendants argue that Topa's method of service is improper because he served the Defendants personally. The Court agrees.

According to Topa's proof of service, he personally served the "law enforcement service office." (Doc. 3). This is improper under Rule 4(c)(2). Consequently, Topa must still serve the Defendants under Rule 4. *See Albra*, 490 at 829. (noting that *pro se* litigants must still comply with the federal rules of civil procedure). The Court points Topa to both Federal Rule of Civil Procedure 4 and to the United States District Court for the Middle

District of Florida's website, which provides basic information to individuals who proceed without lawyers in civil cases.[2] Because of Topa's *pro se* status, the Court will give Topa an additional thirty (30) days to serve the Defendants.

Accordingly, it is now

**ORDERED:**

1. Defendants D/S Almonte Kerbs, Unknown Female, and Unknown Undercover Officers' Motion to Dismiss (Doc. 10) is **GRANTED.**

    a. Plaintiff Gelu Topa's Complaint (Doc. 1) is **DISMISSED without prejudice.**

    b. Plaintiff Gelu Topa may file an amended complaint that is consistent with this Order **on or before October 15, 2018.**

2. Plaintiff Gelu Topa must serve the Defendants pursuant to Federal Rule of Civil Procedure 4 **on or before November 3, 2018.**

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of October 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] The website is http://www.flmd.uscourts.gov/sites/flmd/files/documents/mdfl-guide-for-proceeding-without-a-lawyer.pdf.