UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GELU TOPA,

    Plaintiff,

v.                                  Case No: 2:18-cv-475-FtM-38MRM

ALMONTE KERBS, ROCHELLE
MEJIAS, DONALD WEATHERS and
DANIEL WOLFGANG,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendants Almonte Kerbs, Rochelle Mejias, Donald Weathers, and Daniel Wolfgang's Motion to Dismiss the Amended Complaint. (Doc. 25.) Plaintiff Gelu Topa, appearing *pro se*, has not responded, and the time to do so has expired. For the reasons below, the Court grants Defendants' motion.

## **BACKGROUND**

This civil rights suit is on round two. Liberally construing the Amended Complaint, Topa sues Defendants, all Fort Myers Police Department officers, for excessive force, false arrest, and entrapment under 42 U.S.C. § 1983. The underlying incident happened over four years ago when, according to Topa, he was mistakenly arrested for soliciting a prostitute during a batched sting operation. (Doc. 24.) Topa claims that Officer Kerbs

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

"brutalize[d him] and used his force to push [him] around" when removing him from his car. (*Id.*) He continues that Detectives Weathers and Wolfgang told another officer to arrest him on the false prostitution charge. (*Id.*) And Topa alleges that Officer Mejias entrapped him. (*Id.*) Because of these violations, Topa says that he was jailed for thirty days and lost custody of his son.[2]

The Court dismissed Topa's original complaint for entrapment, false arrest, and "expose to media (TV.)" (Doc. 20). It dismissed the entrapment claim because entrapment alone is not a constitutional or statutory violation to support a § 1983 claim. (*Id.* at 4). Likewise, the false arrest claim neither alleged that Topa was arrested without probable cause nor identified the officers who arrested him. (*Id.*) The Court also observed that service was improper because Topa personally served the Fort Myers Police Department. (*Id.* at 5). But the Court gave Topa leave to file an amended complaint and thirty days to serve the new pleading. (*Id.* at 6). It also advised him of the Court's website that gives helpful advice to *pro se* individuals on litigating in federal court.

This Amended Complaint followed. Defendants again move to dismiss the operative pleading for failure to state a claim upon which relief can be granted and insufficient service of process. (Doc. 25).

## DISCUSSION

### A. Pleading Deficiencies

"To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although

---

[2] The State of Florida eventually issued a Notice of Nolle Prosequi on Topa's prostitution charge. (Doc. 1-1 at 1-2).

this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). The pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When deciding a Rule 12(b)(6) motion, a court must accept well-pleaded allegations of a complaint as true, but it is not bound to accept legal conclusions couched as facts. *Iqbal*, 556 U.S. at 678. And "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the plaintiff is entitled to relief.'" *Id.* at 678 (quoting Fed. R. Civ. P. 8(a)(2)). If a plaintiff has not "nudged [his] claims across the line from conceivable to plausible," the complaint fails to state a claim. *Twombly,* 550 U.S. at 570.

Federal Rules of Civil Procedure 8 and 10 provide parallel pleading requirements that also must be satisfied. Under Rule 8, "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But mere naked assertions are inadequate, and the rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal,* 556 U.S. at 678. Rule 10 also requires a complaint to set out claims in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10. Rules 8 and 10 work together and "'require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and

whether the plaintiff has stated any claims upon which relief can be granted[.]'" *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

"*Pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). But "even in the case of *pro se* litigants[,] this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) (citation omitted).

The Court has reviewed the Amended Complaint, and Topa has submitted the type of pleading the Federal Rules of Civil Procedure prohibit. The Amended Complaint represents a confusing mixture of allegations with relevant facts, irrelevant facts, disjointed narrative, conclusory accusations, and legal argument. It also does not set out claims in separate, numbered paragraphs, which makes it difficult to decipher the precise claims Topa brings. Even setting aside these pleading deficiencies, Topa does not allege enough facts to state plausible claims for excessive force, false arrest, or entrapment. Even under the liberal pleading standard, the same deficiencies the Court pointed out in its previous Order are present with the Amended Complaint.

The Court thus grants Defendants' motion and dismisses the Amended Complaint. Because of Topa's *pro se* status, however, the Court will give Topa one final opportunity to file (and properly serve) a second amended complaint that complies with this Opinion and Order and the Federal Rules of Civil Procedure.

4

**B. Insufficient Service of Process**

Pleading deficiencies are not the only problem with the Amended Complaint. Topa included no certificate of service with his latest pleading. *See* Fed. R. Civ. P. 5(a)(1)(B) (requiring an amended pleading to be served on every party). Also problematic is that he "personally hand-delivered" the Amended Complaint to the Fort Myers City Attorney's Office, which violates Federal Rule of Civil Procedure 4(c)(2).[3] (Doc. 25 at 2). Topa's *pro se* status does not exempt him from following the procedural rules that govern this suit. Improper service is another ground to dismiss the Amended Complaint.

Accordingly, it is now **ORDERED:**

(1) Defendants' Motion to Dismiss the Amended Complaint (Doc. 25) is **GRANTED**.

(2) Plaintiff Gelu Topa may file a second amended complaint that complies with this Opinion and Order on or before **December 20, 2018**.

(3) Topa must serve Defendants with the second amended complaint and summons on or before **January 3, 2018**.

(4) Failure to comply with this Opinion and Order may result in this case being dismissed with prejudice.

**DONE** and **ORDERED** in Fort Myers, Florida on this 29th day of November 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[3] Ordinarily, formal service of process is required only for the original complaint. But formal service is needed for an amended complaint when, like here, claims are brought against new parties and/or the original complaint was never properly served.