UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GELU TOPA,

      Plaintiff,

v.                                                Case No: 2:18-cv-475-FtM-38MRM

ALMONTE KERBS, ROCHELLE
MEJIAS, DONALD WEATHERS,
DANIEL WOLFGANG, and GABRIEL
ALMONTE,

      Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendants Almonte Kerbs, Rochelle Mejias, Donald Weathers, and Daniel Wolfgang's Motion to Dismiss the Second Amended Complaint. (Doc. 35). Defendants argue that dismissal is proper for failure to state a claim and improper service. Plaintiff Gelu Topa, appearing *pro se*, failed to respond, and the time to do so expired. For the following reasons, the Court grants the Motion with prejudice.

## BACKGROUND

Twice, the Court dismissed Topa's previous complaints for failing to state a claim and insufficient service. This is Topa's third strike. When liberally construing the Second

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Amended Complaint ("SAC"), Topa sues Defendants—who are Fort Myers police officers—for excessive force, false arrest, and entrapment under 42 U.S.C. § 1983. The SAC's alleged facts are scattershot, but here is how it happened according to Topa.

During rush hour, "on a rainy day, when cars on Cleveland [A]ve. were like a river flowing on both sides," Topa was arrested for solicitation of a prostitute. (Doc. 27). A flawed sting operation caused the arrest. (*Id.*). Posing as an undercover prostitute, Mejias said that Topa waived at her to come towards his car then pulled into a parking lot. (*Id.*). Topa contests these events. (*Id.*). Topa contends that he did not waive at Mejias; instead, he states that Mejias approached his car in a Taco Bell parking lot as he was about to leave. (*Id.*). And Topa only led Mejias to believe that he solicited to get her to leave him alone. (*Id.*). Moments later, the arrest occurred. (*Id.*). Kerbs rushed Topa's car, yanked him out, slammed his head on the car's roof, and arrested him. (*Id.*). None of Defendants besides Mejias and Kerbs are mentioned. (*Id.*).

### A. Failure to State a Claim

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the facts allow a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Rule 8 works with Rule 10.  *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).  Rule 10 requires a complaint to assert claims in separate, numbered paragraphs, with "each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Together, these rules "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted."  *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Courts hold *pro se* pleadings to a "less strict standard" than attorney pleadings.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citation omitted).

After liberally reviewing the SAC, the Court again concludes that Topa "submitted the type of pleading the Federal Rules of Civil Procedure prohibit."  (Doc. 26 at 4).  On the third try, there are still no numbered paragraphs or any organization to speak of.  The only claim explicitly pleaded, entrapment, cannot support a § 1983 claim alone, which this Court stated in both previous Orders.  (Doc. 20 at 3-4; Doc. 26 at 2).  The other two—which are less pleaded and more inferred from a liberal review of the SAC—fail as well.

First, the excessive force claim is insufficiently pleaded.  Even accepting Topa's version of events, nothing suggests that the force was excessive.  This claim is "governed by the Fourth Amendment's objective reasonableness standard."  *Hadley v. Gutierrez,*

3

526 F.3d 1324, 1329 (11th Cir. 2008) (internal quotations omitted) (citation omitted). Courts look at several factors like the need for force, relationship between the need and the amount of force, and the injury inflicted. *Slicker v. Jackson*, 215 F.3d 1225, 1233 (11th Cir. 2000). Topa pleads no amount of force that rises to an excessive level. In fact, he does not even plead any resulting injury from his arrest. *See Nolin v. Isbell*, 207 F.3d 1253, 1255-58 (11th Cir. 2000) (excusing *de minimis* force). So this claim fails.

Second, the SAC insufficiently pleads a false arrest claim. Probable cause is "an absolute bar to a section 1983 action for false arrest." *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004). At best, the SAC attempts to show a lack of probable cause by contesting whether Topa waived at Mejias to come to his car. But the SAC eventually pleads itself into the absolute bar. Topa alleges that he "gave [Mejias] the impression [that he was] interested" and "made her go away and wait for [him] in another place." (Doc. 27). From Topa's own pleading, Defendants had probable cause to believe that Topa committed the crime of solicitation. Topa's subjective intentions are irrelevant because probable cause is determined by an objective reasonableness standard based on the totality of the circumstances. *Rankin v. Evans*, 133 F.3d 1425, 1435 (11th Cir. 1998). By leading an undercover officer to believe that he was soliciting a prostitute, Topa handed Defendants probable cause for his arrest. *Id.* And by pleading the existence of probable cause here, Topa dooms his false arrest claim.

Thus, dismissal of the SAC is proper. In its last Order, the Court warned Topa that he had "one final opportunity to file (and properly serve)" the SAC. (Doc. 26 at 4). Because he failed to do so again and there is no indication that another amendment will cure any deficiencies, this dismissal is with prejudice.

4

B. Insufficient Service of Process

Leaving aside the pleading deficiencies, the SAC also fails for insufficient service of process. Rule 4(c)(2) requires service by a "person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2). In both previous Orders, the Court directed Topa to this provision. (Doc. 20, 26). Yet he still personally served four Defendants. (Doc. 30, 31, 32, 33). Topa's decision to follow his employee's advice rather than Rule 4 does not excuse inadequate service. Thus, dismissal is proper on this basis as well.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion to Dismiss (Doc. 35) is **GRANTED**.

2. Topa's SAC (Doc. 27) is **DISMISSED WITH PREJUDICE**.

3. The Clerk of the Court is **DIRECTED** to enter judgment accordingly, terminate any pending motions or deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of February, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record